```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALFATINA JOHNSON-CREEKMORE                                    CV

                              Plaintiff,
            -against-                                         COMPLAINT

SLB HOLDINGS LLC AND MIGUEL'S                                 JURY TRIAL REQUESTED
LOCKSMITH & SECURITY CORP.

                              Defendants.
-----------------------------------------------------------x
```

## COMPLAINT

Plaintiff Alfatina Johnson-Creekmore (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants SLB Holdings LLC and Miguel's Locksmith & Security Corp.(together referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease,

1

lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Plaintiff also alleges a claim for Negligence and seeks damages for bodily injury proximately caused by the Defendants' Negligence. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

4. Defendant SLB Holdings LLC owns the property located at 672 Fourth Avenue in Kings County, New York (hereinafter referred to as "672 Fourth Avenue").

5. At all relevant times, defendant Miguel's Locksmith & Security Corp.leases property located at 672 Fourth Avenue from the defendant SLB Holdings LLC.

6. At all relevant times, defendant Miguel's Locksmith & Security Corp. has and continues to operate a retail establishment at 672 Fourth Avenue doing business as Miguel's Locksmith (hereinafter referred to as the "Miguel's Locksmith" premises).

7. Each defendant is licensed to and does business in New York State.

8. Upon information and belief, SLB Holdings LLC and Miguel's Locksmith & Security Corp. have a written lease agreement.

9. At all times relevant to this action, Plaintiff Alfatina Johnson-Creekmore has been and remains currently a resident of Brooklyn, New York. More specifically, Plaintiff resides on Fourth Avenue in the South Park Slope neighborhood in Brooklyn just blocks away from Miguel's Locksmith.

10. At all times relevant to this action, Plaintiff Alfatina Johnson-Creekmore has been and remains a wheelchair user. Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

11. Plaintiff has patronized Miguel's Locksmith for locksmith services.

12. Plaintiff would like to continue to patronize Miguel's Locksmith but she has been and remains currently deterred from doing so because of an inaccessible and dangerous entrance.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Miguel's Locksmith premises located at 672 Fourth Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

14. The Miguel's Locksmith premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

15. Numerous architectural barriers exist at the Miguel's Locksmith premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

16. Upon information and belief, at some time in or around 2009, defendants spent approximately $60,000 on alterations to the Miguel's Locksmith premises and 672 Fourth Avenue, including areas adjacent and/or attached to 672 Fourth Avenue.

17. Upon information and belief, at some time in or around 2015, defendants spent approximately $150,000 on alterations to the Miguel's Locksmith premises and 672 Fourth Avenue, including areas adjacent and/or attached to 672 Fourth Avenue.

18. Within the past three years of filing this action, Plaintiff visited and attempted to and desired to access the Miguel's Locksmith premises.

19. The services, features, elements and spaces of the Miguel's Locksmith premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

20. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Miguel's Locksmith premises that are open and available to the public.

21. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

22. An entrance with a step is no different than a sign informing people with disabilities to "keep out." *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the disabled).

23. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Miguel's Locksmith premises as well as architectural barriers that exist include, but are not limited to, the following:

I. Defendants do not provide an accessible public entrance. See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

II. The primary entrance to defendants' public accommodation is not accessible. See Administrative Code §§ 27-292.5(a) and 27-357(d).

III. Defendants fail to provide an accessible route to the primary entrance from the sidewalk and/or street. See Administrative Code § 27-292.5(b).

IV. Defendants do not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit. See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

V. At the inaccessible public entrance, Defendants do not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance. See 1991 Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VI. Defendants have an inaccessible public entrance and fail to provide and display the International Symbol of Accessibility at a designated accessible entrance. See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VII. Defendants fail to provide accessible entrances in a number at least equivalent to the number of exits required by the New York Building and Fire Codes. See 1991 Standards §§ 4.1.3(8)(a)(ii), 4.1.3(9), 4.3.10; 2010 Standards § 207.1; and Administrative Code §§ 27-354 and 27-365.

VIII. Defendants fail to provide that at least 50% and/or 60% of all its public entrances are accessible. See 1991 Standards § 4.1.3.8(a)(i); and 2010 Standards §§ 206.4.1, and 404.

IX. Defendants fail to provide that an accessible route from the primary entrance to the entire interior is equivalent to the route afforded to the non-disabled. See Administrative Code § 27-292.5(b).

X. The property owner defendant failed to provide an accessible entrance to the tenant. See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

XI. Defendants fail to provide that no changes in level exist inside the required minimum maneuvering clearance at the ground space in front of the public entrance door. See 1991 Standards§§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

24. The remediation necessary to provide an ADA compliant wheelchair accessible entrance are known, architecturally possible, and financially achievable for the Defendants. Remediation includes installation of a permanent exterior wheelchair accessible ramp; installation of an incline platform lift; raising the level of the sidewalk; or installation of a permanent interior wheelchair accessible ramp.

25. Upon information and belief, a full inspection of the Miguel's Locksmith premises will reveal the existence of other barriers to access.

26. As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Miguel's Locksmith premises in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

27. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

28. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications for persons with disabilities.

29. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Miguel's Locksmith premises continue to exist and deter Plaintiff.

30. Plaintiff frequently travels to the area where the Miguel's Locksmith premises is located.

31. Plaintiff intends to patronize the Miguel's Locksmith premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

32. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Miguel's Locksmith premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

33. Plaintiff intends to patronize the Miguel's Locksmith premises several times a year as "tester" to monitor, ensure, and determine whether the Miguel's Locksmith premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

### FIRST CAUSE OF ACTION
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

34. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

35. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

36. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

37. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. 36.201(b).

38. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation

all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

39. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

40. Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

41. The Miguel's Locksmith premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

42. Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

43. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

44. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

45. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in

violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

46. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

47. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

48. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

49. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

50. Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

51. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the

10

provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

52. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

53. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

54. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

55. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

56. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

57. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

58. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

59. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

60. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

61. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

62. Plaintiff has various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

63. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

64. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

65. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

66. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

67. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

68. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

69. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, SLB Holdings LLC continuously controlled, managed, and operated the public sidewalk abutting 672 Fourth Avenue, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

70. SLB Holdings LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

71. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

72. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

73. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

74. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

75. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

76. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

77. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

78. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

79. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

80. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

81. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

82. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

83. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## **FIFTH CAUSE OF ACTION**
### **(COMMON LAW NEGLIGENCE)**

84. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

85. Defendants negligently designed, constructed, operated, repaired, and maintained their place of public accommodation located at 672 Fourth Avenue in a manner that has rendered their place of public accommodation unsafe to the disabled Plaintiff.

86. At all relevant times, Defendants, who hold their property open to the public, have had a duty to patrons such as Plaintiff to design, construct, operate, repair, and maintain their place of public accommodation located at 672 Fourth Avenue in a reasonably safe condition.

87. Defendants breached their duty by negligently designing, constructing, operating, repairing, and maintaining their place of public accommodation located at 672 Fourth Avenue in a manner that has unreasonably endangered the Plaintiff's physical safety and caused bodily injury to Plaintiff.

88. Defendants' failure to design, construct, operate, repair, and maintain their place of public accommodation located at 672 Fourth Avenue in a manner that is safe to the disabled Plaintiff has proximately caused Plaintiff to suffer bodily injury.

89. Defendants have had actual and constructive notice that their place of public accommodation located at 672 Fourth Avenue is not safe to people with disabilities.

90. As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer a bodily injury in an amount to be determined at trial.

## **INJUNCTIVE RELIEF**

91. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

92. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

93. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the

2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award Plaintiff compensatory damages and nominal damages because of Defendants' violations of the NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the NYCHRL;

F. Award Plaintiff the monetary penalties for each violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

H. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: February 27, 2024
       New York, New York

                                  Respectfully submitted,

                                  **PARKER HANSKI LLC**

                                  By: /s
                                      Glen H. Parker, Esq.
                                      Attorneys for Plaintiff
                                      40 Worth Street, Suite 602
                                      New York, New York 10013
                                      Telephone: (212) 248-7400 ex. 15
                                      Facsimile: (212) 248-5600
                                      Email: ghp@parkerhanski.com